NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

FOX JOSEPH SALERNO, *Petitioner.*

No. 1 CA-CR 24-0474 PRPC

FILED 03-27-2025

Petition for Review from the Superior Court in Maricopa County
No. CR 2000-017362
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Fox Joseph Salerno, Limon, Colorado
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Phillip Garrow
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

**¶1** Fox Joseph Salerno petitions this court to review the superior court's denial of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. For the reasons stated, we grant review but deny relief.

**¶2** In 2000, the State charged Salerno with one count of theft, a class 3 felony, alleging he knowingly obtained, without lawful authority and with the intent to deprive the lawful owner, property with "a value of $3,000 or more, but less than $25,000." The State also alleged that Salerno had multiple prior felony convictions.

**¶3** A jury convicted Salerno as charged, including a handwritten notation on the verdict form declaring that the jurors had found the value of the stolen property to "be between $3-3500 ($3000-$3500)." The superior court sentenced Salerno to an aggravated twenty-year prison term. This court affirmed Salerno's conviction and sentence on appeal. *State v. Salerno*, 1 CA-CR 01-0693, ¶¶ 1, 27 (Ariz. App. Oct. 15, 2002) (mem. decision).

**¶4** Thereafter, Salerno sought post-conviction relief numerous times. *State v. Salerno*, 1 CA-CR 23-0020 PRPC, 2023 WL 3365464 (Ariz. App. May 11, 2023) (mem. decision). This appeal arises out of his thirteenth PCR petition.

**¶5** Salerno seeks resentencing under A.R.S. § 13-1802(G), which, as amended in 2006, classifies the theft of property with a value of $3,000 or more but less than $4,000 as a class 4 felony (with a 12-year maximum sentence for category three repetitive offenders), *see* A.R.S. § 13-703(J), in contrast to the version in effect at the time of his offense, which classified theft of $3,000 or more but less than $25,000 as a class 3 felony (with a 20-year maximum sentence for category three repetitive offenders), *see* 2006 Ariz. Sess. Laws, ch. 195, § 2.

**¶6**      Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is the petitioner's burden to show that the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶7**      In support of his PCR petition, Salerno argues that the superior court improperly found his rule of lenity and due process claims precluded. He also challenges the constitutionality of A.R.S. § 1-244, which states that "[n]o statute is retroactive unless expressly declared therein," contending he is entitled to a retroactive application of the substantive change to A.R.S. § 13-1802(G).

**¶8**      Consistent with the superior court's finding, the record reflects that Salerno raised due process and rule of lenity claims in previous PCR petitions. More importantly, Salerno has filed numerous PCR petitions since the legislature's 2006 amendment to A.R.S. § 13-1802, so his claim of a material change in the law is precluded under Rule 32.2(a)(3) (precluding relief based on any ground "waived at trial or on appeal, or in any previous post-conviction proceeding").

**¶9**      For these reasons, we grant review but deny relief.

